(Reap. Dec. 8668)

N. Y. MERCHANDISE CO., INC. *v.* UNITED STATES

Entry No. W–75311.

(Decided October 10, 1956)

*Siegel Mandell & Davidson* for the plaintiff.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

MOLLISON, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS STIPULATED AND AGREED by and between the respective parties hereto, subject to the approval of the Court, that the export value of the merchandise at the time of exportation to the United States covered by the Appeal to Reappraisement enumerated above, with the exception of the metal double bicycle horns contained in case T 4322, at which time such or similar merchandise was freely offered for sale to all purchasers in the principal market of the country from which exported in the usual wholesale quantity and in the ordinary course of trade for export to the United States including costs of containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise ready for shipment to the United States was the appraised value less additions made to meet the advances by the Appraiser in similar cases covering the non-dutiable so-called (F. O. B.) charges for inland freight, insurance premium, storage, hauling and lighterage added by the importer on entry.

IT IS FURTHER STIPULATED AND AGREED that there was no higher foreign value for merchandise such or similar to the merchandise herein at the time of exportation thereof.

IT IS FURTHER STIPULATED AND AGREED that the Appeal to Reappraisement enumerated above may be submitted for decision on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, except the metal double bicycle horns contained in case T 4322, and that such values were the appraised values, less additions made to meet the advances by the appraiser in similar cases covering the non-dutiable so-called (f. o. b.) charges for inland freight, insurance premium, storage, hauling, and lighterage, added by the importer on entry.

Insofar as the appeal relates to the metal double bicycle horns contained in case T 4322, it is hereby dismissed.

Judgment will be entered accordingly.